UNITED STATES EASTERN DISTRICT OF PENNSYLVANIA



Lena Lasher, Plaintiff
Federal Correctional Institution
33 1/2 Pembroke Rd.
Danbury, CT 06811-3099
Register # 67662-054

FILED
MAR 26 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

28 U.S.C. 1332(a)
vs.   CIVIL ACTION NO. 2:17-CV-04117-LS

Attorney Adam Brent (current address 2557 Delsea Drive Post Office Box 267, Franklinville, NJ 08322)
Attorney Michael Farrell (office address - Kane and Associates)
Attorney John Detwiler (office address - Kane and Associates)
Kane and Associates, located in the Law Offices of Rhonda Hill Wilson, Suite 820, Two Penn Center Plaza, 1500 John F Kennedy Blvd, Philadelphia, PA 19102, DEFENDANTS

## SECOND AMENDED COMPLAINT

### POINT 1: THE PLAINTIFF HAS ESTABLISHED SUBJECT MATTER JURISDICTION

I. The plaintiff is bringing a civil action, legal malpractice liability and negligence, against Attorney Adam Brent, Attorney Michael Farrell, Attorney John Detwiler, and Kane and Associates, located in the Law Offices of Rhonda Hill Wilson, under the diversity jurisdiction provisions of 28 U.S.C. 1332(a):

　A. The Plaintiff is a citizen of the United States of America, a resident/citizen of the state of New Jersey, her domicile.

　B. The Attorneys, Adam Brent, Michael Farrell, John Detwiler, and their law firm (Kane and Associates, which is located in Law Offices of Rhonda Hill Wilson) are in Philadelphia, Pennsylvania

　C. The State Board of Pharmacy's hearing was in Pennsylvania

　D. the Plaintiff's monetary demand was stated in her complaint under Prayer for Relief, "The plaintiff has such and further relief as may appear just and proper to the Court." Because the Court requires a monetary amount, the Plaintiff is seeking a financial damage of $ 2 million for the attorneys' negligence and malpractice, compensatory damage, punitive damage, or whatever the Court deems is just and proper.

　E. The Plaintiff is also seeking "counsel fees"; upon her release, she intends to hire a civil action attorney who will proceed with this case.

　Thus, the Plaintiff's complaint established that the parties in this case are citizens of different states for purposes of 28 U.S.C. 1332; the Plaintiff's complaint is now jurisdictionally efficient.

### POINT 2: THE PLAINTIFF'S CLAIM FOR LEGAL MALPRACTICE AND NEGLIGENCE IS SUFFICIENT AS A MATTER OF LAW



RECEIVED MAR 26 2018

1. An adverse decision of the Pennsylvania Board of Pharmacy was rendered on June 3, 2016, which revoked the plaintiff's pharmacist license, without her knowledge.

## ISSUES/STATEMENT OF CLAIM

1. Failure to communicate with client and failure to perform the professional work of which he was retained.

Plaintiff retained Attorney Adam Brent (Meetings were held in The Law Offices of Rhonda Hill Wilson) to defend her pharmacist license; he was paid in full of $5,000.00. According to Attorney Adam Brent (the lead counsel), Attorney Michael Farrell and Attorney John Detwiler were to assist him in defending/representing the Plaintiff's pharmacist license, but if the Plaintiff wants Attorney Michael Farrell to ALSO appear with him (Attorney Brent) at the Pennsylvania Board of Pharmacy's hearing, the attorneys would draw up another retainer between Attorney Farrell and the Plaintiff to indicate as such.

According to the invoices, all three Defendants billed the Plaintiff from 1500 John F Kennedy Blvd, Suite 820, Two Penn enter Plaza, Philadelphia, PA 19102, and were paid through Attorney Brent via the $5,000.00 retainer; their service was paid in full in accordance to the contract. Therefore, both attorney Farrell and Attorney Detwiler were equally as culpable as Attorney Brent; thus, the Plaintiff is humbly requesting that the Court accept these additional Defendants on the complaint

Even though Attorney Adam Brent and Attorney Farrell were also employed at the law firm of David Kane, meetings were:

A. Held in the Law Offices of Rhonda Hill Wilson, P.C. Suite 820 Two Penn Center Plaza, 1500 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19102.

B. The meetings, Often held included additional counsel known as Attorney Michael Farrell and/or Attorney John Detwiler.

Attorney Brent, Attorney Farrell, and Attorney Detwiler failed to continue to communicate with the plaintiff despite her continued communication to them numerous times, including but not limited to: 12/30/15, 3/21/16, 3/28/16, 4/14/16, 4/27/16, 5/25/16, and 6/9/16; Attorney Brent did not return any of her letters nor accept her email request. In the meantime, Attorney Farrell and Attorney Detwiler simply ignored her emails.

On 10/28/2016, it was through her Nebraska license defense attorney, the plaintiff was informed about her license revocation. Immediately, the Plaintiff wrote to Attorney Adam Brent on 10/28/2016, and again on 3/31/2017, and 7/10/2017. The plaintiff further wrote to the Pennsylvania State Board of Pharmacy on 10/31/2016, 3/31/2017, and to Pennsylvania Board Counsel on 4/17/2017, 7/10/2017, and 8/9/2017, reporting Attorney Adam Brent's unprofessional non responsiveness action as well as personally requesting a hearing. To this day, the Plaintiff has not received a response from Attorney Brent.

2. Defendants (Attorney Brent, Attorney Farrell, and Attorney Detwiler) failed to take the professional initiative to request an evidentiary hearing; todate the plaintiff has asserted her desire to be at the hearing, as previously throughout the litigation.

Whereby the denial of a hearing is a violation of her substantial due process right; it prevents her from showing physical

evidence (suppressed video recording and pharmacy paper trail) and facts which proves her ACTUAL INNOCENCE and supports the decision as to why she should not be revoked. Yet, Attorney Adam Brent did not answer any of her letters as stated in item #1.

The denial of a hearing causes a further violation of the suppression and withholding of evidence and cooberation of facts to prove the plaintiff's credibility.

3. Attorney Brent, Attorney Farrell, and Attorney Detwiler failed to deliver the required information of why the plaintiff's pharmacist license should not be revoked, which further causes additional delay damage and undue hardship for the plaintiff.

In conclusion, the plaintiff is entitled to keep her pharmacist license active; the Plaintiff will be damaged and at a disadvantage and hardship without a hearing to present her case and evidence to dispute those of the hearsay prosecutors' witnesses, including those of the Pennsylvania State Board of Pharmacy and Pennsylvania Board Counsel. The Plaintiff has the Constitutional right to face her accusers. Also, the Plaintiff refuses to be victimized any further by the justice system and Attorney Adam Brent for failure to defend her pharmacist license.

## PRAYER FOR RELIEF

The Plaintiff, Lena Lasher, sincerely believes that she can justifiability rely on the United States Supreme Court case Haines v. Kerner 404 U.S. 519 (1972), which clearly states that "all Pro-Se litigants must be afforded the opportunity to present their evidence and that the Court should look to the substance of the complaint rather than the form."
Plaintiff requests that:

1. Attorney Adam Brent, Attorney Farrell, Attorney Detwiler, and Kane and Associates, of Pennsylvania, defendants, beside promptly answering the complaint to be required to file a certified copy of the transcript of the record, including the evidence on which the findings and decision are based.

Undefending a pharmacist license and having it revoked without the plaintiff's knowledge is unethical as well as a violation of the plaintiff's 8th Amendment Right - cruel and unusual punishment.

2. Attorney Adam Brent, Attorney Farrell, Attorney Detwiler, and Kane and Associates, be ordered and directed to order payment of the plaintiff's claim; the plaintiff is seeking compensatory damages, punitive damages, costs of suit, counsel fees for this judgment.

3. The plaintiff is asking for a trial by jury whereas she can provide evidence to show Attorney Brent's, Attorney Farrell, and Attorney Detwiler, failure to defend her pharmacist license.

4. The plaintiff is also requesting Judicial Review by filing this civil action.

5. The plaintiff is seeking a financial damage of $ 2 million for the attorney's negligence and malpractice, compensatory

damage, punitive damage, or whatever the Court deems is just and proper.

. I declare under penalty of perjury that the foregoing is true and correct.

. On March 21, 2018, I am delivering this complaint to prison authorities to be mailed to the clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted, *Lena Lasher* Signed this __21st__ day of March 2018

Lena Lasher, Plaintiff, 16 Patton Street, High Bridge, NJ 08829

Clerk Of Court
601 Market ST
Philadelphia, PA 19106
United States
Media Rate
Legal Mail

