**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LENA LASHER, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:17-cv-04117 |
| | : | |
| MICHAEL FARRELL, Esquire; JOHN DETWILER, Esquire; and KANE AND ASSOCIATES, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 82 — Granted in part and Denied in part**

**Joseph F. Leeson, Jr.**                                                                  **February 21, 2020**
**United States District Judge**

## I.        INTRODUCTION

Plaintiff Lena Lasher brought forth her malpractice claim pursuant to diversity

jurisdiction against her attorneys Adam Brent, Michael Farrell, John Detwiler, and Kane and

Associates (Defendants) for their alleged conduct regarding the revocation of her pharmacist

license. Lasher alleges Defendants' failure to communicate with her and to request an

evidentiary hearing resulted in the revocation of her pharmacist's license. However, Lasher has

failed to file a Certificate of Merit (COM), and Farrell brings forth his motion to dismiss after

providing Lasher notice he would move forward with a dismissal motion if Lasher did not file a

COM. For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

## II.        BACKGROUND

Lasher alleges the following facts:

Lasher retained Brent to defend her in a hearing regarding the status of her pharmacist license before the Pennsylvania Board of Pharmacy (the Board) due to allegations of fraud as Lasher would issue prescriptions to people who did not consult with a physician beforehand. *See* ECF No. 19. She paid him $5,000 for his services. *Id*. Brent notified Lasher that Farrell and Detwiler were to assist him in her legal matter, but if Lasher wished for Farrell to make an appearance on her behalf before the Board, there would need to be an agreement between Lasher, Brent, and Farrell to indicate as such. *Id*.

Lasher accuses Defendants of ignoring her attempted communications with them regarding the status of her case. *Id*. For example, Lasher states she was notified by her unnamed counsel in her Nebraska Board of Pharmacy hearing that her license was revoked. *Id*. Lasher alleges she immediately contacted Brent for an update and contacted the Board as well. *Id*. On June 3, 2016, the Board revoked Lasher's Pennsylvania pharmacist license, allegedly without her knowledge. *Id*. Lasher claims she notified "Pennsylvania Board Counsel" of Brent's alleged unprofessional conduct. *Id*.

In addition to allegedly ignoring Lasher's attempted communications, Lasher alleges Defendants failed to take the professional initiative to request an evidentiary hearing even though Lasher notified Defendants to request an evidentiary hearing before the Board. *Id*. Lasher states this failure to request an evidentiary hearing prevented her from showing evidence that establishes her innocence before the Board. *Id*. Lasher further states these failures caused the revocation of her license. *Id*.

Lasher brings this malpractice claim under diversity jurisdiction. After amending her complaint twice, Farrell moved to dismiss her complaint for failure to file a COM. *See* ECF No. 68. However, in an Order dated October 23, 2019, this Court denied Farrell's motion because

Farrell failed to provide Lasher notice he would move to dismiss her complaint if she did not file

a COM. *See* ECF No. 72. In a letter dated November 26, 2019, Lasher confirmed to this Court

she received a letter from Farrell indicating he would move for dismissal in the event she did not

file a COM and attached the letter. *See* ECF No. 78. Farrell's notice to Lasher is dated November

15, 2019. *Id.* Lasher has failed to file s COM, and after awaiting the requisite thirty days, Farrell

again moved for dismissal on January 15, 2020. *See* ECF No. 82.

## III.    LEGAL STANDARD

### A.  12(b)(6) Motion to Dismiss Standard.

In rendering a decision on a motion to dismiss, this Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche*

*Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if

"the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff

stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*

(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to

state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750

(3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. ANALYSIS

Lasher has filed a professional negligence action against Defendants alleging attorney malpractice for their actions during her Pennsylvania pharmacist's license revocation hearing. Farrell argues because Lasher failed to file a COM, her complaint must be dismissed. Lasher asserts because Farrell is no longer a barred attorney, she need not file a COM.

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff to file a COM in any professional negligence action for each defendant within sixty (60) days of the filing of the complaint. Lasher originally filed her complaint on December 4, 2017. *See* ECF No. 8. The Rule represents substantive state law that must be applied by a federal court. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011). The COM must be signed by the party or an attorney and certify that either:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about [ ] the harm, or
>
> . . . .
>
> (2)  the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> . . . .
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for the prosecution of the claim.

Pa. R. Civ. P. 1042.3(a).

Lasher has neither filed such a COM nor sought an extension. Failure to do so requires dismissal and a judgment of non-prosecution in favor of defendants unless Lasher can show

"reasonable excuse" for the noncompliance. Pa. R. Civ. P. 1042.3;1042.6; *Womer v. Hilliker*, 908 A.2d 269, 282 (2006). A pro se litigant's ignorance or mistaken assumptions about the requirements of Rule 1042.3 cannot serve as a reasonable excuse. *Hoover v. Davila*, 862 A.2d 591, 595–96 (Pa. Super. Ct. 2004). Lasher has failed to provide a reasonable excuse.

Defendants must provide notice before seeking dismissal for failing to file a COM, and thirty (30) days must have "elapsed between the notice of deficiency and the defendant's attempt to terminate the action." *Schmigel v. Uchal*, 800 F.3d 113, 118 (3d Cir. 2015). Farrell provided notice to Lasher of his intent to dismiss on November 15, 2019. *See* ECF No. 78. Then, Farrell waited the requisite thirty days before filing his motion to dismiss on January 15, 2020. *See* ECF No. 82. Because Farrell complied with the requirements imposed on him by the Rule and Lasher has not, any state law claims of malpractice must be dismissed. *Womer*, 908 A.2d at 282. Lasher asserts she need not file a COM because she alleges at the time of the services provided, Farrell was not licensed. However, this is untrue as Farrell's law license was temporarily suspended on March 10, 2017, and permanently suspended on December 4, 2019. These dates are after the representation Farrell provided to Lasher. Lastly, Lasher's assertion she need not file a COM for a law firm is misguided. *See Donnelly v. O'Malley & Langan*, PC, 370 F. App'x 347, 349-50, (3d Cir. 2010) (explaining a COM is required for law firms where services are rendered for legal issues).

Accordingly, the Court grants the motion to dismiss in part and denies in part. The Court understands Lasher's pro se status and lack of expertise. Thus, her response to the motion to dismiss shall be treated as an extension to file a COM. Lasher shall have sixty days from the date of this Order and Opinion to file a COM against all remaining Defendants. No extensions shall be granted. If Lasher fails to file a COM within sixty days, her case will be closed.

## V.    Conclusion

For the reasons stated above, Farrell's motion to dismiss is granted in part and denied in part. Lasher shall have sixty days from the date of this Order and Opinion to file her COM against all remaining Defendants. If Lasher fails to do so, her case will be closed.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge