DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lena Lasher

v.        Case #   2:17-cv-04117

Adam Brent, esq. et al

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND

## MEMORANDUM OF LAW IN SUPPORT

Now comes the Plaintiff, Lena Lasher, through pro-se representation, hereby respectfully moves

the Honorable Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a

Third **AMENDED COMPLAINT**. The new complaint maintains the counts and allegations against

the same defendants from the second amended complaint (See Exh C), but accounts for the significant

factual and procedural developments that have occurred since the original complaint was filed,

including but not limited to:

(i) Defendant JOHN DETWILER'S Motion to Dismiss the Complaint (July 22, 2020) (See Exh D)

alleging the Plaintiff failed to comply with the Court's Order dated that required her to file a certificate

of merit against all remaining defendants". However, the aforementioned did not apply to Detwiler as

he was **NOT an attorney** but **portrayed himself as one;**  Defendant JOHN DETWILER'S Motion to

Dismiss the Complaint (July 22, 2020) was his best attempt to confuse the Court and at worst wholly

deceptive, as detailed in this motion.

The **Court was unaware**, as the **Plaintiff was unaware** when she filed her second amended

complaint, that **Defendant Detwiler is NOT an attorney**.

(ii) Further, contradictory to item (i) above,  It was **not until September 2018** when Defendant

Detwiler stated  that he is NOT an attorney and is NOT admitted to any state bar (See Exh E -

Defendants John Detwiler's and Kane & Associates, LLC  Answer to Plaintiff's Second Amended

Complaint with affirmative defenses Page 2 under Issues/statement of claim). Therefore, a certificate of merit does NOT apply to Defendant Detwiler, as per Court Rule PaRCP 1042.3.Certificate of Merit

To reiterate, at the time of filing the second amended Complaint, April 9, 2013, the Plaintiff did not know that Detwiler was NOT a licensed attorney, yet **portrayed to the Plaintiff as one**.

Accordingly, Plaintiff seeks the Court's leave to amend, which should be granted per **PA RPC 5.3 Responsibilities Regarding Nonlawyer Assistance** and for the reasons set forth below.

## STATEMENT OF FACT

1. On March 21, 2018, Plaintiffs filed a second amended complaint naming "Attorney" John Detwiler as one of several defendants. At the time of filing this second amended complaint, the Plaintiff believed Defendant John Detwiler is an attorney for the following reasons:

When the Plaintiff first met Defendant John Detwiler, he told the Plaintiff he is a lawyer who just graduated from Temple University. He gave the Plaintiff his email address as jdetwiler77@temple.edu; he also emailed her from that email address. He also told the Plaintiff that he will be working with Defendant Brent to help her defend her pharmacist license. Massive amount of emails and letters were from and to Defendant Detwiler.

The Plaintiff had communications with Defendant Detwiler of Kane & Associates between October 2015 to December 2015 whereas Defendant Detwiler scammed the Plaintiff. Defendant Detwiler:

A. Informed the Plaintiff that he is an associate of the law firm and he billed himself as such (Exh A).

B. Portrayed to the Plaintiff as if he was an "attorney", and billed himself as such at a rate of $200/hour, the rate of an attorney as per the retainer (See Exh B Page 2), as per Defendant Detwiler billable hours on the invoice (See Exh A) even though the invoice stated him as an "associate".

The description of Defendant Detwiler's legal service for the Plaintiff was as an "Associate". The definition of "associate" provided on US Legal.com is:

"An associate is typically a person who is a co-worker of a higher level worker, but occupies a status level slightly under the worker... In the legal field, an associate often refers to an attorney who has not been made a partner to the law firm."

C. In her second amended complaint, filed on March 21, 2018, Plaintiff alleged that Defendants had committed legal malpractice by committing fraud regarding a hearing before the Pennsylvania Pharmacy Board; NONE of the Defendants showed up to this hearing NOR informed the Plaintiff of this hearing.

D. Defendant JOHN DETWILER'S Motion to Dismiss the Complaint (July 22, 2020) alleging the Plaintiff failed to comply with the Court's Order dated that required her to file a certificate of merit against all remaining defendants". However, the aforementioned did not apply to Detwiler as he was **NOT an attorney** but **portrayed himself as one;** Defendant JOHN DETWILER'S Motion to Dismiss the Complaint (July 22, 2020) was his best attempt to confuse the Court and at worst wholly deceptive.

To reiterate, the **Court was unaware**, as the **Plaintiff was unaware** when she filed her second amended complaint on March 21, 2018 , that **Defendant Detwiler is NOT an attorney**. It was **not until September 2018** when Defendant Detwiler stated  that he is NOT an attorney and is NOT admitted to any state bar (See Exh E - Defendants John Detwiler's and Kane & Associates, LLC Answer to Plaintiff's Second Amended Complaint with affirmative defenses Page 2 under Issues/statement of claim).  Therefore, a certificate of merit does NOT apply to Defendant Detwiler, as per Court Rule PaRCP 1042.3.Certificate of Merit

2. On August 6, 2020, in "DEFENDANT JOHN DETWILER'S REPLY IN SUPPORT OF DISMISSAL OF THE COMPLAINT" (See Exh G ), Defendant Kane and Associates admitted that Detwiler was NOT an attorney; but because **Detwiler portrayed himself as an attorney and billed himself as one**, the Plaintiff is requesting permission from the Court to **LEAVE TO FILE AMENDED COMPLAINT** to make allegations to Detwiler as a non-attorney via Kane & Associates for regular negligence under PA RPC 5.3 Responsibilities Regarding Nonlawyer Assistance

# INTRODUCTION

Defendant Kane and Associates is clearly liable for Detwiler for failure to communicate with the Plaintiff, and for failure to perform the professional work of which he was paid, through Defendant Adam Brent. The Plaintiff has invoices indicating how the money she paid to Brent was used, and Defendant Detwiler was paid from the money the Plaintiff provided as indicated on the invoices. (See Exh A). Even though the checks were written to Adam Brent, it was Kane and Associates who took care of the billing and the invoices. Kane and Associates, and Brent, Detwiler, and Farrell are not separate at all in this, and all united via Brent and Kane and Associates.

When the Plaintiff first met Defendant John Detwiler, he told the Plaintiff he is a lawyer who just graduated from Temple University. He gave the Plaintiff his email address as jdetwiler77@temple.edu; he also emailed her from that email address. He also told the Plaintiff that he will be working with Defendant Brent to help her defend her pharmacist license. Massive amount of emails and letters were from and to Defendant Detwiler.

To reiterate, the Plaintiff had communications with Defendant Detwiler of Kane & Associates between October 2015 to December 2015 whereas Defendant Detwiler scammed the Plaintiff. Defendant Detwiler:

A. Informed the Plaintiff that he is an associate of the law firm and he billed himself as such (Exh A).

B. Portrayed to the Plaintiff as if he was an "attorney", and billed himself as such at a rate of $200/hour, the rate of an attorney as per the retainer (See Exh B Page 2), as per Defendant Detwiler billable hours on the invoice (See Exh A) even though the invoice stated him as an "associate".

The description of Defendant Detwiler's legal service for the Plaintiff was as an "Associate". The definition of "associate" provided on US Legal.com is:

"An associate is typically a person who is a co-worker of a higher level worker, but occupies a status level slightly under the worker... In the legal field, an associate often refers to an attorney who has not been made a partner to the law firm."

## ARGUMENT I: Plaintiff has met the standard for obtaining leave
## to file an amended complaint under Federal Rule of Civil Procedure 15

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give 7Id. at *5, n.3 (citing Knox v. Service Employees, 567 U.S. ___, ___ (2012) (slip op. at 7) and FTC v. Whole Foods Market, Inc., 548 F.3d 1028, 1033-34 (D.C. Cir. 2008) (Brown, J.)) leave when justice so requires."8 "The decision whether to grant leave to amend a pleading is within the sound discretion of the district court,9 but as this Court has aptly recognized," "this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'"10 "Therefore, a justifying reason must be apparent for denial of a motion to amend.11" "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."12In light of the significant factual and procedural developments since Plaintiffs filed suit on March 21, 2018, good cause for amending the Complaint is immediately apparent. "Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's motion." Four pivotal events have transpired since the Plaintiff filed her second amended complaint.

A. First, The Plaintiff recently learned that:

While she was incarcerated, the law firm, Kane & Associates, via John Detwiler, tricked the Plaintiff's husband, Lou Lasher, to pay them two more checks $5000 and $3500 (two different envelopes) "for the services of Michael Farrell." (Please see Exhibit H – Brent emails 1 of 4). The law firm acknowledged they received an additional $5000 (please see Exhibit H - email dated December 31, 2015). The Plaintiff has not received an invoice for this second $5000 payment. However, the $3500 check was returned to sender (Plaintiff's husband). On January 27, 2016, 20 days after the Plaintiff PA BOP

hearing, the law firm via Defendant Detwiler tried to trick the Plaintiff's husband into re-sending the $3500 check that was previously returned to sender; this time the Plaintiff's husband told them he will not send them the check as the Plaintiff has not heard from them. Again, on March 14, 2016, two months after the Plaintiff's hearing (January 8, 2016), the law firm asked the plaintiff's husband for another $3500 to defend her license (please see Exhibit H - email dated March 14, 2016).

B. According to the Defendant John Detwiler and Kane & Associates, LLC Answer to Plaintiff's Second Amended Complaint with affirmative defenses Page 2 under Issues/statement of claim (See Exh E), Defendant Detwiler stated that he is NOT an attorney and is NOT admitted to any state bar

C. In this case, according to the Disciplinary Board of the Supreme Court of Pennsylvania, as of July 23, 2020 (See Exh I), there is NO attorney by the name of John DETWILER. Therefore, per PaRCP 1042.3.Certificate of Merit , a certificate of merit can NOT be filed as to Defendant Detwiler; Detwiler is NOT a licensed attorney.

D. According to Linkedin (See Exh J), Defendant John Detwiler of Kane & Associates was a law clerk from Nov 2014 – Jan 2016, NOT an attorney; Defendant Detwiler **unlawfully practice law without a license** and **billing himself as an associate** (See Exhibit A), at a rate of $200/hour, the **rate of an attorney**

　　　　Plaintiff moved swiftly to file **LEAVE TO FILE AMENDED COMPLAINT** . Thus, there is no undue delay in Plaintiff's request to amend. The newly-alleged facts were **entirely unknown to the**

---

" 8 As no scheduling order has been issued in this case, Federal Rule of Civil Procedure 16(b), which governs modifications to pretrial scheduling orders, is not applicable. 9Florida Foundation Seed Producers, Inc. v. Georgia Farms Services, LLC, No. 1:10-CV-125, 2012 WL 4840809, at *21 (M.D. Ga. Sept. 28, 2012) (Sands, J.) (citing Nat'l. Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir. 1982)). 10Id. (quoting Gramegna v. Johnson, 846 F.2d 675, 678 (11th Cir. 1988)). 11Id. (citing Moore v. Baker, 989 F.2d 1129, 1131 (11th Cir. 1993)). A court may consider such factors as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). 12Id. (citing Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) (internal quotation marks omitted))."

**Plaintiff**; in fact, **it was the Defendants who concealed the facts and deceived the Plaintiff as** detailed in this motion. "Plaintiff is not seeking the amendment in bad faith or with a dilatory motive. The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court" in Plaintiff's third amended complaint. "The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits. Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, by the new facts" which they themselves disclosed to the Plaintiff since the Defendants have first-hand knowledge of the roles that they played in the transaction at issue and the proceedings described therein. The "amended complaint would not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. No prejudice would result to Defendants in allowing the amendment under these circumstances.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible." "Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper. Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file" the third amended complaint. "The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend."

## ARGUMENT II: RPC 5.3 Responsibilities Regarding Nonlawyer Assistance

With respect to a **nonlawyer employed or retained by or associated with a lawyer**: a partner and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect

measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer.

a lawyer having direct **supervisory authority over the nonlawyer** shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and,

a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:

the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or

the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and in either case knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

### COMMENT:

Paragraph (a) requires lawyers with managerial authority within a law firm to make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that nonlawyers in the firm and nonlawyers outside the firm who work on firm matters act in a way compatible with the professional obligations of the lawyer. See Comment [6] to Rule 1.1 and Comment [1] to Rule 5.1. Paragraph (b) applies to lawyers who have supervisory authority over such nonlawyers within or outside the firm. Paragraph (c) specifies the circumstances in which a lawyer is responsible for the conduct of such nonlawyers within or outside the firm that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer.

### Nonlawyers Within the Firm

Lawyers generally employ assistants in their practice, including secretaries, investigators, law student interns, and paraprofessionals. Such assistants, whether employees or independent contractors, act for the lawyer in rendition of the lawyer's professional services. A lawyer must give such assistants

appropriate instruction and supervision concerning the ethical aspects of their employment, particularly regarding the obligation not to disclose information relating to representation of the client, and should be responsible for their work product. The measures employed in supervising nonlawyers should take account of the fact that they do not have legal training and are not subject to professional discipline.

In this case, according to RPC 5.3 Responsibilities Regarding Nonlawyer Assistance, **Kane & Associates is clearly held liable for Defendant Detwiler's conduct; Kane & Associates failed to supervise nonlawyers.**

## CONCLUSION

For the reasons identified above, the Plaintiff requests that the Court grant Plaintiff's motion for leave to file the amended complaint.

The Plaintiff, Lena Lasher, sincerely believes that she can justifiably rely on the US Supreme Court case Haines v. Kerner 404 U.S. 519 (1972), which clearly states that "all Pro-Se litigants must be afforded the opportunity to present their evidence and that the Court should look to the substance of the" appeal "rather than the form."

I declare under penalty of perjury that the foregoing is true and correct. For the reasons discussed above, the Plaintiff requests the Court to grant the **"Plaintiff's MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT".**

The Plaintiff thanks the Court in advance for its understanding and consideration

Respectfully submitted,                                      August 10, 2020

*Lenalasher*

s/Lena Lasher

Lena Lasher, 16 Patton Street, High Bridge, NJ 08829

## PROOF OF SERVICE

The Plaintiff, Lena Lasher, hereby certify that she has this 10th day of August 2020 caused a copy of the foregoing **"PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED**

**COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT"**, upon the persons and in the

manner indicated below which service satisfies the requirements of PA. R.A.P.:

Service by electronic mail AND first-class mail, postage prepaid, addressed as follows:

Mark C Stevenson, Esquire  for John Detwiler, Kane and Associates
One Penn center
1617 JFK Blvd, Ste 500
Philadelphia, Pennsylvania 19103

Defendant J Michael Farrell via electronic mail only        jmichaelfarrell88@gmail.com

Respectfully submitted,                              Date: August 10, 2020

*Lena Lasher*

s/Lena Lasher
Lena Lasher, Pro Se Plaintiff, 16 Patton Street, High Bridge, NJ 08829